FILED
APR 08 2011
[signature]
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| TODD L. BOWLIN, | * | CIV 09-4137-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | DISMISSING FOR LACK OF JURISDICTION |
| JORDAN R. HOLLINGSWORTH,[1] | * | |
| Warden, FPC Yankton, | * | |
| | * | |
| Defendant. | * | |

## I. INTRODUCTION

Petitioner, Todd L. Bowlin, petitioned under 28 U.S.C. § 2241 to challenge the calculation of his prison sentence by the Bureau of Prisons ("BOP"). Bowlin argued that he should receive credit against his federal term of imprisonment for time spent in detention from October 25, 2004, through August 22, 2005, while serving a state sentence.

## II. FACTS

Bowlin was arrested and released from custody multiple times between June 18, 2002, and October 25, 2004. On October 25, 2004, Bowlin was arrested by state authorities in Shawnee County, Kansas, for numerous offenses. (Doc. 20-1, at 4-6). As a result, Bowlin's state probation supervision for a prior conviction was revoked, and the state court ordered Bowlin to serve a previously suspended 11-month term of confinement that the state court had ordered on July 19, 2002. (Doc. 20, ¶ 20; 20-3). The state court also ordered that Bowlin receive three days of credit ordered at the original sentencing. (Doc. 20-3). In addition, the state court

---

[1]Under Rule 25(d) of the Federal Rules of Civil Procedure, Jordan Hollingsworth is automatically substituted as the Respondent. Hollingsworth succeeded Longley as Warden of the Federal Prison Camp in Yankton, South Dakota, in 2010.

ordered 168 days of credit for time spent in custody from Bowlin's January 30, 2004 arrest to his February 10, 2004 release, and from Bowlin's October 25, 2004 arrest to the date of his state court probation revocation on March 31, 2005. Id. Thus, Bowlin received a total of 171 days of custody credit from the state court for time spent in custody between January 30, 2004 and March 31, 2005.

On August 22, 2005, Bowlin was sentenced in the United States District Court for the District of Kansas on federal drug charges. (Doc. 1). United States District Judge Julie A. Robinson sentenced Bowlin to a 78-month term of imprisonment, followed by supervised release of eight years. (Id.). Judge Robinson also ordered the federal sentence to run concurrently with Bowlin's previously-imposed state sentence. (Id.).

On February 6, 2006, while still held in state custody, Bowlin was transferred from the Shawnee County Jail to the Kansas Department of Corrections. (Doc. 20, ¶ 22; 20-3, at 4-6). The next day, the Kansas Department of Corrections ("KDOC") computed Bowlin's 11-month state sentence and applied 171 days of presentence credit. (Doc. 20, ¶ 23; Doc. 20-5). This calculation and award of good conduct time credit resulted in a July 21, 2005, release date. (Doc. 20, ¶ 23; Doc. 20-5). Upon realizing that Bowlin had satisfied his state sentence more than six months earlier, KDOC released Bowlin to the custody of federal authorities. (Doc. 20, ¶ 23; Doc. 20-6).

BOP then calculated Bowlin's sentence in the following manner: Bowlin's 78-month federal term of imprisonment commenced on the date of imposition, August 22, 2005 (Doc. 20, ¶ 26; Doc. 20-8, at 4), and Bowlin received 46 days of prior custody credit, representing the time he was in official detention from (1) June 18 to 19, 2002; (2) August 20 to 21, 2002; (3) March

21 to 23, 2003; (4) April 7 to 9, 2003; (5) June 5 to 6, 2003; (6) August 25, 2003 to August 27, 2003; and (7) July 22 to August 21, 2005. (Doc. 20, ¶ 29; 20-8, at 4). Thus, Bowlin had a projected release date of March 18, 2011, assuming good conduct time release. (Doc. 20-8, at 2).

Bowlin appears to have exhausted his administrative remedies. (See Doc. 1, at 17).

## III. DISCUSSION

Section 2241 jurisdiction exists both in the district of actual confinement and in the district where the court can serve process on a custodian responsible for the confinement. See United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam) (citing Braden v. 30th Jud. Ct. of Ky., 410 U.S. 484, 495-99 (1973); Cox v. Fed. Bureau of Prisons, 643 F.2d 534, 536 & n.3 (8th Cir. 1981) (per curiam)). Thus, jurisdiction over Bowlin's petition would exist in the district where he is confined, in the United States District Court for the District of Columbia, or in any district in which BOP maintains a regional office. See Chappel, 208 F.3d at 1069-70. BOP does not maintain a regional office in South Dakota.

According to the BOP Inmate Locator, Bowlin has been transferred from the Federal Prison Camp in Yankton, South Dakota, to Community Corrections Management in Kansas City, Kansas. See BOP Inmate Locator, available at http://www.bop.gov/iloc2/LocateInmate.jsp (last visited April 8, 2011). Therefore, this Court no longer has jurisdiction in this case. Even if this Court still had jurisdiction, however, Bowlin's petition would have been denied on the merits for the reasons explained below.

The Attorney General of the United States bears responsibility for the administrative matter of computing a federal offender's jail-time credit. United States v. Wilson, 503 U.S. 329, 335 (1992). The Attorney General has delegated this authority to the Bureau of Prisons. 28

C.F.R. § 0.96; see also United States v. Moore, 978 F.2d 1029 (8th Cir. 1992) (discussing delegation of Attorney General's authority to determine pretrial detention credit to BOP).

A federal sentence "commences on the date the defendant is received in custody." 18 U.S.C. § 3585(a). The BOP has interpreted this statute to mean that if a defendant "is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody . . ., the sentence commences on the date of imposition." U.S. Dep't of Justice, BOP Program Statement 5880.28, "Sentence Computation Manual (CCA of 1984), at 1 - 12 (July 29, 1994), available at http://www.bop.gov/policy/progstat/5880_028.pdf (Last visited April 7, 2011).

In certain circumstances, a defendant is entitled to prior custody credit for time spent in official detention. Under 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
> (1) as a result of the offense for which sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The BOP Program Manual interpreting Section 3585 has determined that a defendant will receive credit against his federal sentence "for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed (and not as a result of a writ from another jurisdiction), provided it has not been credited against another sentence." BOP Program Statement 5880.28, at 1 - 16 (Feb. 14, 1997). In addition, BOP has determined that a defendant will not receive credit against his federal sentence "for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." Id. at Page 1 - 17 (Feb. 14, 1997). Thus, a defendant cannot count his detention time against two

sentences. See Wilson, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time.").

BOP has calculated Bowlin's federal sentence correctly. Under Section 3585(a), Bowlin's 78-month imprisonment term commenced on the date of imposition, August 22, 2005. (Doc. 20-8, at 4). Although the sentencing court ordered Bowlin's federal sentence to run concurrently with his state sentence, it did so under the mistaken belief that Bowlin was still serving the state sentence that had actually expired on July 21, 2005. Of course, this was not the fault of the federal sentencing court; KDOC did not determine until February of 2006 that Bowlin's state term of imprisonment had been satisfied as of July 21, 2005.

Thus, on the August 22, 2005 federal sentence imposition date, no undischarged state term of imprisonment remained with which a concurrent federal sentence could run. As Section 3585(a) and Program Statement 5580.28 prohibit a federal sentence from commencing prior to the date of imposition, BOP cannot effectuate the federal sentencing court's intent to run the federal sentence concurrently with the state sentence. August 22, 2005, therefore, is the proper date for commencement of Bowlin's federal imprisonment term.

In addition, consistent with Section 3585(b), Bowlin has received all applicable prior custody credit to which he is entitled by law. He received 46 days of prior custody credit because those days had not been credited against his state sentence. Bowlin seeks credit for the time he was in official detention from October 25, 2004 to August 22, 2005. He has received prior custody credit from July 22, the day after his state sentence expired, to August 21, 2005, which was the day before his federal sentence was imposed and commenced. However, under Section 3585(b) and Program Statement 5880.28, he is not entitled to prior custody credit for time spent

in official detention from October 25, 2004 to July 21, 2005, as this time was credited against his state sentence. Thus, Bowlin's projected release date of March 18, 2011, via good conduct time release, was computed correctly.

## IV. CONCLUSION

For the foregoing reasons, Petitioner Todd L. Bowlin's Petition for Writ of Habeas Corpus (Doc. 1) is dismissed for lack of jurisdiction.

Dated April 8, 2011

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE